IBRAHIM KABIA                                    *        IN THE

     Address:                                 *        CIRCUIT COURT
     3819 64th Avenue
     Apt. 203                                 *        FOR
     Hyatsville, MD 23784
                                              *        PRINCE GEORGE'S COUNTY
     Plaintiff
                                              *        CASE NO.:

v.                                              *

PEPSI BOTTLING GROUP                            *

     Address:                                 *
     850 Hampton Park Drive
     Capitol Heights, MD 20743                *

     Resident Agent:                          *
     The Corporation Trust Inc.
     351 West Camden Street                   *
     Baltimore, MD 21201                      *

&                                               *

PEPSICO, INC.                                   *

     Address:                                 *
     700 Anderson Hill Road
     Purchase, NY 10577                       *

     Resident·Agent:                          *
     The Corporation Trust Inc.
     351 West Camden Street                   *
     Baltimore, MD 21201                      *

     Defendant                                *

&                                               *

TEAMSTERS LOCAL 67                              *

     Address:                                 *
     2120 Bladensburg Road, NE
     Washington DC 20018                      *

     Serve on Principal Officer:

FILED

AUG 6 2013

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGES COUNTY, MD.

1

Franklin B. Myers                    *
2120 Bladensburg Road, NE
Washington DC 20018                  *

Defendant                            *

&                                    *

INTERNATIONAL BROTHERHOOD            *
OF TEAMSTERS
                                     *

Address:
25 Louisiana Avenue NW               *
Washington DC 20001
                                     *

Serve On Principal Offer:
General President James P. Hoffa      *
25 Louisiana Avenue, N.W.
Washington D.C. 20001                *

Defendant                            *
*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

### NATURE OF CLAIMS

1.    This is an action under the Family and Medical Leave Act of 1993 ("FMLA") to correct and remedy the violation of the FMLA rights of the Plaintiff, and to make whole and compensate the Plaintiff. The defendants, individually and severally, wrongfully discharged the plaintiff, a qualified individual, from his position with the defendant Pepsi Bottling Group, because of his absence due to his dying father and in violation of the FMLA, as more particularly set forth in this complaint.

### JURISDICTION AND VENUE

2.    Subject matter jurisdiction is proper in this Court through the Family and Medical Leave Act ("FMLA") and personal jurisdiction is proper in this Court as Pepsi Bottling Group is located in Prince George's County, and the balance of the remaining Defendants

2

fall under Maryland's long-arm statute because each of the remaining Defendants transact extensive business in Maryland and all events giving rise to this litigation took place in Maryland.

3.     Further, the unlawful employment practices complained of in this complaint occurred, and the employment records relevant to this matter are maintained and administered, within the State of Maryland and within Prince George's County, Maryland.

## PARTIES

4.     The plaintiff is a male citizen and resident of Prince George's County, Maryland.

5.     Defendant Pepsi Bottling Company ("PBC") is believed to be affiliated with and/or a subsidiary of Pepsico Inc. PBC's physical address is 850 Hampton Park Blvd, Capital Heights, Maryland and is believed to exist and operate under the laws of the State of Maryland.

6.     Pepsico Inc. ("Pepsico") is believed to be the parent company and/or affiliated with PBC (collectively the "Company") and its principal place of business is in Purchase, New York. The Company is authorized to transact business within the State of Maryland as a foreign corporation. At all pertinent times, the Company was, is and has been an employer engaged in an industry affecting commerce.

7.     Teamsters Local 67 is the local union for Prince George's County and surrounding areas.  It collects dues, provides services and operates in part through its members employed at the Pepsi Bottling Group in Capitol Heights, Maryland.

8.     International Brotherhood of Teamsters is headquartered in Washington D.C. and is the national labor organization overseeing the operations of Teamsters Local 67. The International Brotherhood of Teamsters has extensive business and labor dealings throughout

the State of Maryland and in Prince George's County.

## FACTUAL ALLEGATIONS

9.      The plaintiff commenced his employment with the Company as a Sales Representative in 2006.  *See* affidavit of plaintiff, attached as exhibit "1".

10.     In the spring of 2011, the plaintiff was notified that his father, Foday Kabia was gravely ill and dying. The plaintiff advised the Company's manager/supervisor that he would need to take leave beginning on or about June 22, 2011 to travel to his native country of Sierra Leone, Africa to attend to his dying father. The plaintiff also advised the Company that he intended to return to his position of sales representative. *Id.*

11.     The defendant's agents and employees approved the plaintiff's leave request and, acting within the scope and during the course of their employment, they assured the plaintiff that his position as sales representative would be held open for him on his return from the approved leave. The Company's agents and employees required the plaintiff to first take his accrued vacation before the leave time was to commence. *Id.*

12.     On June 22, 2011, plaintiff arrived in Sierra Leone, and on July 1, 2011, his father unfortunately passed away. *Id.*

13.     Shortly thereafter, he made several attempts to contact his supervisor to advise of his current situation.  Due to cultural, ethnic, and religious traditions in his country, plaintiff was obliged to remain in Sierra Leone to tend to his father's burial.

14.     Plaintiff was on leave from June 21, 2011 through August 18, 2011. The Plaintiff had secured the permission of his supervisor for this leave, and his supervisor knew the reason for the request: to tend to his dying father. *Id.*

15.     On or about August 22, 2011 the Company, through its human resources

4

department, who was acting within the scope and during the course of his employment with the defendant, terminated Plaintiff on the pretext that he had allegedly not reported his absence. Plaintiff then attempted to report the illegal termination to his union representative, who refused to assist the Plaintiff and commented that father's death certificate looked "made up". *Id.*

16.    During the term of his employment with the Company, the plaintiff's job performance met or exceeded the Company's expectations of plaintiff. *Id.*

## COUNT I

### INTERFERENCE WITH EXERCISE OF FMLA RIGHTS

17.    The plaintiff incorporates and re-alleges paragraphs 1 through 16 of thi complaint as if fully set forth here.

18.    During all relevant times, Defendant Pepsi Bottling Group, on its own or as a joint and integrated employer with Defendant Pepsico, Inc., was Mr. Kabia's "employer" under the FMLA as it employed fifty or more employees within a 75-mile radius of Mr. Kabia's worksite during twenty or more calendar workweeks in 2010-2011.

19.    During all relevant times, Mr. Kabia was an "employee" under the FMLA as he worked for Defendant Pepsi Bottling Group for more than twelve months and for more than 1,250 hours in the twelve months before August 22, 2011.

20.    In June of 2011, the plaintiff requested an extended leave period to tend to his dying father, a serious medical condition of an immediate relative.

21.    Defendant Pepsi Bottling Company complied with this request, and granted the plaintiff extended leave, only to then rescind that grant of leave time upon his return to work on or about August 22, 2011. Furthermore, when Mr. Kabia approached his union representative in

5

order to complaint of the infringement on his FMLA rights, the union representative made a joke about his father's death certificate and refused to assist Mr. Kabia with his grievance against the employer.

22.     Such conduct by Defendants constituted a denial of and an interference with Mr. Kabia's exercise of his rights under the FMLA and/or retaliation against Mr. Kabia for exercising his rights under the FMLA.

23.     Such conduct by the Defendants was willful in that the Defendants knew of or showed reckless disregard as to whether its conduct was prohibited by the FMLA, and was expressly predicated on Mr. Kabia's attempts to exercise his rights under the FMLA.

24.     As a direct result of Defendant's improper and illegal conduct, Mr. Kabia has suffered substantial financial damages and emotional distress.

**COUNT II**

**DISCRIMINATION/RETALIATION IN VIOLATION OF FMLA**

25.     The plaintiff incorporates and re-alleges paragraphs 1 through 24 of this complaint as if fully set forth here.

26.     The plaintiff objected to and opposed the Company's conduct, which violated and is made unlawful by the FMLA. The Company, through its human resources department, refused to reverse the termination and to restore the plaintiff to his position in violation of the FMLA.

27.     Likewise, the plaintiff objected to and opposed the Company's conduct to his union. The union, through its union representative, refused to

28.     Following his return to work, the Company interfered with, restrained and/or denied the exercise of the plaintiff's rights under the FMLA, and on or about August 22, 2011 the defendant terminated the plaintiff's employment in violation of the FMLA.

6

29.     Furthermore, when Mr. Kabia approached his union representative in order to complaint of the infringement on his FMLA rights, the union representative made a joke about his father's death certificate and refused to assist Mr. Kabia with his grievance against the employer.

30.     Such conduct by the Defendants was willful in that the Defendants knew of or showed reckless disregard as to whether its conduct was prohibited by the FMLA, and was expressly predicated on Mr. Kabia's attempts to exercise his rights under the FMLA.

31.     As a direct and proximate result of the acts and practices of the defendant Company, its agents and employees, in the termination of the plaintiff's employment, all in violation of the FMLA, the plaintiff has suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, and other past and future pecuniary losses.

**WHEREFORE**, the plaintiff requests judgment against the defendant as follows:

1.     Declaring that the acts and practices complained of here are in violation of the plaintiff's rights as secured by and the Family and Medical Leave Act of 1993.

2.     Preliminarily and permanently enjoining the defendant and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert from any conduct violating the plaintiff's rights as secured by the Family and Medical Leave Act;

3.     Awarding the plaintiff back pay, actual monetary damages, interest in excess of $75,000.00, and appropriate recovery for lost employment benefits, and other affirmative relief as may be appropriate under the Family and Medical Leave Act;

4.     Awarding the plaintiff liquidated damages pursuant to the FMLA;

7

5.    Awarding the plaintiff his attorney's fees and costs incurred in this action; and

6.    Ordering any other relief this court deems to be just and proper.

Respectfully submitted,

Paul N. Rouhana
Law Offices of Seigel, Tully & Furrer, LLC
501 Fairmount Avenue, Suite 100
Towson, Maryland 21286
Phone: 443-470-1006
Facsimile: 443-470-1036
Email: paul.rouhana@stflawyers.com
*Counsel for Plaintiff*

## JURY TRIAL PRAYER

Plaintiff hereby requests a jury trial.

Paul N. Rouhana

8